# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**LEO MCGILL,**<br><br>Defendant. | Case No. 7:16-CR-45 (HL) |

### ORDER

Currently pending before the Court is Defendant's Motion to Withdraw Guilty Plea and Allow Defendant to File Direct Appeal with Substitute Counsel (Doc. 90), Notice of Appeal (Doc. 87), and Motion for Leave to Appeal In Forma Pauperis (Doc. 91). For the reasons set forth below, Defendant's Motions are DENIED.

### I.  PROCEDURAL BACKGROUND

On December 13, 2016, Defendant was indicted on an eleven-count indictment charging him and his co-defendants with aggravated identity theft and conspiracy to steal and embezzle public money. (Doc. 1). On April 4, 2018, Defendant entered into a plea agreement with the Government (Doc. 56), and the Government subsequently filed a Motion for Additional Decrease for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(b). (Doc. 60). On July 11, 2018, Defendant was sentenced to 46 months imprisonment as to Count 1 and 24 months imprisonment as to Count 11 to run consecutively with Count 1 for a total

of 70 months imprisonment. (Doc. 79). Defendant was also ordered to pay restitution in the amount of $1,498,776 jointly and severally with his co-defendants. A waiver of appeal was filed on July 12, 2018 (Doc. 73), and judgment was entered on July 23, 2018. (Doc. 81). On September 14, 2018, Defendant filed a Notice of Appeal (Doc. 87), followed by the instant motions on September 17, 2018. (Docs. 90, 91). Counsel for Defendant filed a response to Defendant's Motion to Withdraw Guilty Plea on October 2, 2018. (Doc. 93).

## II. DISCUSSION

Defendant asserts that he stipulated to erroneous facts in the plea agreement, that he did not knowingly and voluntarily waive his right to appeal his sentence, and that the enhancements in the pre-sentence report were not explained to Defendant by counsel prior to sentencing. (Doc. 90). Counsel for Defendant refutes Defendant's assertions by reciting the occasions on which Defendant and Counsel met to discuss Defendant's plea agreement, his pre-sentence report and objections thereto, and Defendant's appeal rights. (Doc. 93).

However, the Court finds it unnecessary to address the merits of Defendant's motions because Defendant is not permitted to file this motion pro se while he is represented by counsel. Local Criminal Rule 57(D)(1) states:

> In every criminal case retained defense attorneys shall make fee and other necessary financial arrangements satisfactory to themselves and sufficient to provide for representation of the client until the conclusion of the client's case. For purposes of this rule, a client's case is not concluded until his direct appeal, if any, is finally decided.

2

M.D. Ga. L. Crim. R. 57(D)(1). Moreover, Eleventh Circuit Rule 46-10 explains that "[r]etained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court." 11th Cir. R. 46-10(a). Thus, retained counsel for Defendant must remain as his attorney and has a duty to advance his client's appeal, including the costs therewith.[1]

With it being established that Defendant is represented by counsel, his pro se filings must be regarded as a nullity. This Court's Local Rules do not permit a criminal defendant who is represented by counsel to file any document pro se without prior leave. M.D. Ga. L. R. 5.5. Further, the Eleventh Circuit has held that a defendant who is represented by counsel has no right to act as his own co-counsel, i.e., there is no right to "hybrid representation" partly by counsel and partly by defendant. Cross v. United States, 893 F.2d 1287, 1291-92) (11th Cir. 1990). Accordingly, the Court declines to consider and consequently denies Defendant's pro se Notice of Appeal (Doc. 87) and Motion to Withdraw Guilty Plea (Doc. 90).

---

[1] See M.D. Ga. L. Crim. R. 57(D)(2) ("Defense attorneys in criminal cases may not, except in extraordinary circumstances, withdraw from the representation of a client because of the client's failure to pay a fee or otherwise comply with the financial agreement with the attorney, after fourteen (14) business days from arraignment.").

## III. MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 91)

Plaintiff has requested permission to proceed in forma pauperis (IFP) for purposes of appealing his sentence without the payment of court costs. (Doc. 91). For the reasons stated above, Defendant's pro se Motion for Leave to Appeal IFP must be denied as he is still represented by counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Withdraw Guilty Plea (Doc. 90) and Notice of Appeal (Doc. 87). Defendant's Motion for Leave to Appeal in In Forma Pauperis (Doc. 91) is likewise denied.

**SO ORDERED** this 30th day of October, 2018.

*/s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

ehm